UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN PAUL MONTGOMERY,  )
                       )
    **Plaintiff,**    )
                       )
                       )  Civil Action Nos. 2:24-00149
**v.**                 )
                       )
LINDA REED, *et al.*,  )
                       )
    **Defendants.**   )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), filed on March 25, 2024. Having examined Plaintiff's Second Amended Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On March 25, 2024, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs and Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document Nos. 1 and 2.) Plaintiff appeared to name the following as Defendants: (1) Linda Reed, Parkersburg Police Department Detective; (2) Judge George Hill (deceased); (3) Assistant Prosecutor Scott Durig (deceased); (4) Karol Payne, W.V. DHHR Welfare Case Worker; (5) Marcia RadaBaugh, School Aide; and (6) Robert Childers, School Psychologist. (Id.) Following an initial screening of Plaintiff's case, the undersigned entered an Order on March 27,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2024 directing Plaintiff to file an Amended Complaint "identifying each individual the Plaintiff seeks to name as a defendant," "state what constitutional, statutory or common law rights he believes each defendant has violated," and "support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights." (Document No. 4.) Additionally, Plaintiff was notified that "[t]he Amended Complaint will supersede the original Complaint (Document No. 1), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them." (Id.)

On April 1, 2024, Plaintiff filed his Amended Complaint naming the following as Defendants: (1) State of West Virginia;[2] and (2) "All Participants of Case No. 94-F-130." (Document No. 5, p. 1.) Despite the undersigned's specific instructions as set forth in the Order entered on March 27, 2024 (Document No. 4), Plaintiff did not name each defendant and he left the "Statement of Claim" section completely blank. (Id., p. 4.) As an attachment, Plaintiff included a document entitled "Points to Ponder." (Document No. 5-1.) This document, however, only contained rambling and incoherent allegations without specifically setting forth his constitutional claims or stating specific facts as to how each defendant violated his constitutional rights. (Id.) Plaintiff further requested for the Court to "please shift thru all this misc. info. to get basic idea of all parties' dishonest ways and actions in Case 94-F-130." (Id.) On April 4, 2024, Plaintiff filed a Notice of Demand (Document No. 6), another document entitled "Points to Ponder" (Document No. 8), and Exhibits (Document Nos. 7, 8-1, 8-2, 8-3). Although the undersigned instructed Plaintiff there must be **one integrated document** that will provide the defendants with notice of

---

[2] Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989).

2

the claims and allegations against them, Plaintiff had filed two documents entitled "Points to Ponder."

By Order entered on April 5, 2024, the undersigned determined that the foregoing documents were wholly insufficient to state a cognizable claim, Plaintiff had failed to identify each named defendant in his Amended Complaint, and failed to state specific facts as to how each defendant violated his constitutional rights. (Document No. 9.) Thus, the undersigned ordered that Plaintiff had until May 6, 2024, "to file a Second Amended Complaint naming "persons" as defendants and stating specific facts as to how each defendant violated his constitutional rights." (Id.) The Court **NOTIFIED** Plaintiff that the Second Amended Complaint would supersede the original Complaint (Document No. 1) and Amended Complaint (Document No. 5), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them. (Id.)

On April 10, 2024, Plaintiff filed his Second Amended Complaint naming the following as Defendants: (1) Presiding Judge George Hill; (2) Scott Durig, Assistant Prosecuting Attorney; (3) Linda Reed, Investigative Detective for City of Parkersburg Police Department; (4) Karol Payne, DHHR Case Worker; (5) Robert Childers, School Psychologist; and (6) Marcia RadaBaugh, School Aide. (Document No. 12.) Plaintiff appears to allege that the foregoing Defendants violated his constitution rights because their actions resulted in his wrongful conviction and incarceration. (Id.) Plaintiff first states that he has discovered "new evidence"[3] that Judge Hill "watched porno during my trial." (Id., p. 4.) Plaintiff alleges that Stenographer Karen Holub verified that Judge Hill "watched his porno from a laptop on his bench in ALL trials." (Id.) Plaintiff indicates that Ms. Holub brought a sexual harassment claim against Judge Hill in Case No. 08-C-28, and she "settled

---

[3] Plaintiff appears to acknowledge this "new evidence" was revealed in 2008 with the filing of the civil action by Ms. Holub.

3

out of court with Judge George Hill" in 2009. (Id.) Plaintiff further alleges that the foregoing was reported by the Parkersburg News & Sentinel. (Id.) Concerning Defendants Durig, Reed, Payne, Childers, and RadaBaugh, Plaintiff claims that all "ignored [his] son's numerous recantations prior & after the March 1994 false & wrongful arrest of [Plaintiff]." (Id.) Plaintiff concludes that the "facts should show charges should not have been brought up period." (Id.) Plaintiff further asserts that Judge Hill should have "stopped [the] 1995 trial when numerous recantations were revealed to all in the courtroom." (Id., p. 5.) Plaintiff concludes that he received "5 misc. not guilty verdicts," which proves the victim was "making up false stories." (Id.) As relief, Plaintiff requests that the Defendants be "held liable" and Plaintiff be "cleared" of the false charges.[4] (Id., pp. 5 - 6.)

  Despite the undersigned's clear directive for Plaintiff to include all of his claims in his Second Amended Complaint, Plaintiff blatantly disregarded the undersigned's Order. Specifically, Plaintiff continued to file Additional Documents in Support on April 10, 2024 (Document Nos. 13 – 15), April 15, 2024 (Document Nos. 16 and 17), and May 6, 2024 (Document No. 19). In the first document filed on April 10, 2024, Plaintiff filed a document again stating that Karen Holub "verified" in her civil suit against Judge Hill that he "watched porno at all trials" (Civil Action No. 08-C-28). (Document No. 13.) In the second document filed on April 10, 2024, Plaintiff alleges that the victim was "coerced and manipulated" into making the false sexual abuse claims. (Id.) Plaintiff states that when the victim was evaluated at the Highland Hospital, it was determined that he had severe ADHD and it was important to keep him on the "proper meds." (Id.) In the third document filed on April 10, 2024, Plaintiff merely continues to repeat similar allegations as those asserted in his Second Amended Complaint. (Document No. 15.) First, Plaintiff again alleges that Judge Hill watched "porno" during all trials. (Id.) Second, Plaintiff complains that all Defendants

---

[4] The invalidation of a criminal conviction is not an available remedy in Section 1983 proceedings.

"totally ignored" recantations by the victim resulting in Plaintiff being falsely accused. (Id.) Thus, Plaintiff concludes that all Defendants "willing & knowingly prosecuted an innocent man." (Id.)

In the first document filed on April 15, 2024, Plaintiff complains that the victim failed to appear at a "prelimin-type of hearing" in Case No. 94-F-130 in March 1994. (Document No. 16.) Plaintiff alleges that all Defendants knew the victim was "suppose to be at . . . this hearing," but had "a lame excuse" for the victim's absence. (Id.) In the second document filed on April 15, 2024, Plaintiff complains that Assistant Prosecutor Durig offered him a plea bargain for 15 – 35 years. (Document No. 17.) Plaintiff states that he rejected the plea because "I am innocent." (Id.)

In the document filed on May 6, 2024, Plaintiff states that he "bumped into" Ira Atkinson (a "long time magistrate) at a restaurant and Plaintiff asked his opinion on the charges. (Document No. 19.) Plaintiff claims that Magistrate Atkinson stated he thought "they were all lying thru their teeth." (Id.) Plaintiff then states that he inquired if Magistrate Atkinson could "do anything," and Magistrate Atkinson responded that "He can only preside over what is thrown at him per-say." (Id.) Plaintiff further states that he told Magistrate Atkinson that "welfare fraud is behind all these lies." (Id.)

On May 9, 2024, May 17, 2024, May 30, 2024, and June 24, 2024, Plaintiff filed Exhibits in Support. (Document Nos. 20 – 23.) Specifically, Plaintiff filed the following as Exhibits: (1) A copy of the Notice from the West Virginia State Police Information Services Center regarding the Sex Offender Registry (Document No. 20); (2) A copy of Plaintiff's "Notification of Sex Offender Responsibility and Registration Certificate" (Document No. 21); (3) A copy of a Disciplinary Hearing Report against Plaintiff for improperly attempting to contact his children (Document No. 22, p. 1); (4) A copy of an Order from the Circuit Court of Wood County regarding Juvenile Neglect in Case No. 94-J-60 (Id., p. 2); (5) A copy of the victim's medical records from St.

5

Joesph's Hospital (Id., pp. 3 – 4); (6) A copy of a newspaper article entitled "Man convicted on one count of sexual abuse" (Id., pp. 5 - 6); (7) A copy of pertinent pages from Plaintiff's sentencing transcripts (Document No. 23, p. 1); and (8) A copy of pertinent pages from the cross examination of Robert Childers (Id., pp. 2 – 3).

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658,

685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

**1.     Insufficient Allegations:**

The undersigned finds that Plaintiff has stated insufficient allegations against the following Defendants: (1) Karol Payne; (2) Marcia RadaBaugh; and (3) Robert Childers. Plaintiff merely alleges that the foregoing Defendants "ignored [his] son's numerous recantations." (Document No. 12.) Although this Court must liberally construe *pro se* filings, the Court is not required to make arguments on behalf of Plaintiff. Plaintiff must provide at least some recognizable legal theory in support of his claim. See Minone v. McGrath, 435 F.Supp.2d 266 (S.D.N.Y. 2006)("Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader.") Plaintiff, however, completely fails to allege or indicate what constitutional, statutory, or common law rights he believes these Defendants violated. Plaintiff's Second Amended Complaint and Additional Documentation are completely void of any factual allegations as to how these Defendants may have violated Plaintiff's constitutional or statutory rights. (Document Nos. 12 – 17, 19.) Although the Court acknowledges Plaintiff's *pro se* status, the Court "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011); also see Giarratano v. Johnson, 521 F.3d 298, 304, n. 5. (4th Cir. 2008). A party must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007). "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)(citing Twombly, 550 U.S. at 557, 127 S.Ct. 1955)(internal quotations omitted). In the instant case, Plaintiff has presented a naked assertion that Defendants "ignored" recantations by the victim. Liberally construing Plaintiff's Second Amended Complaint and Additional Documentation in Support, Plaintiff clearly fails to allege facts that set forth a claim cognizable against the above named Defendants. Accordingly, the undersigned respectfully recommends that Plaintiff's claim against Defendants Payne, RadaBaugh, and Childers be dismissed.

**2.    Defendant Reed:**

A plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a personal injury is two-years from the time the cause of action accrued. See W.Va. Code § 55-2-12(b).[5] The applicable period

---

[5]   West Virginia Code § 55-2-12 provides as follows:
  Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

of limitations for a claim of false imprisonment is one-year. Wilt v. State Auto. Mut. Ins. Co., 203 W.Va. 165, 506 S.E.2d 608, 613 (1998); also see Snodgrass v. Sisson's Mobile Home Sales, Inc., 161 W.Va. 588, 244 S.E.2d 321 (1978). Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Section 1983 action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" Brooks, 85 F.3d at 181 (citations omitted).

Liberally construing Plaintiff's Second Amended Complaint and Additional Documentation, Plaintiff appears to allege that he was falsely arrested in March 1994 based upon insufficient evidence provided by Defendant Reed. Plaintiff claims that he is innocent and Defendant Reed "ignored" recantations by the victim. To the extent Plaintiff is asserting a false arrest claim, the undersigned will briefly consider the timeliness. See Nasim, 64 F.3d at 953-

54(finding that the statute of limitations may be addressed *sua sponte* when such a defense appears on the face of the complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915). A Section 1983 claim for false arrest and false imprisonment accrues when the claimant is detained pursuant to legal process.[6] Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007)(holding "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); Owens v. Blatimore City States Attorneys Office, 767 F.3d 379, 389 (4th Cir. 2014)(explaining that "the statute of limitations for false imprisonment does not begin to run at the *outset* of a Plaintiff's false imprisonment; rather, limitations begin to run only at the *end* of a Plaintiff's false imprisonment."); Magwood v. Streetman, 2016 WL 5334678, * 5(D.S.C. Aug. 15, 2016)(explaining that false imprisonment consists of detention *without* legal process, which ends once the victim becomes held pursuant to such process); Smith v. Allred, 2016 WL 1274593, * 8 (S.D.W.Va. March 31, 2016)(J. Copenhaver)([S]ection 1983 claims for wrongful arrest do not accrue until the individual is released or his detention becomes lawful."). A plaintiff's claim for false arrest or false imprisonment ceases once plaintiff is detained pursuant to legal process, and at this point, plaintiff's claim becomes a claim of malicious prosecution.[7] See Wallace, 549 U.S. at 388-89, 127

---

[6] The Supreme Court noted that "[f]alse arrest and false imprisonment overlap; the former is a species of the later." *Wallace*, 127 S.Ct. at 1095.

[7] A Section 1983 claim for malicious prosecution accrues when the prosecution has terminated in Plaintiff's favor. It is of significance to note here for purposes of accrual the distinction between a claim for false arrest or imprisonment and malicious prosecution. Generally, a plaintiff knows of his injuries in a cause of action for false arrest without probable cause on the date of his arrest. Thus, a cause of action for false arrest will accrue at the time of arrest. *See Covington v. City of New York*, 171 F.3d 117 (2d Cir.), *cert. denied*, 528 U.S. 946, 120 S.Ct. 363, 145 L.Ed.2d 284 (1999); *Rose v. Bartle*, 871 F.2d 331, 348-49, 351 (3d Cir. 1989). A plaintiff does not know of his injuries in a cause of action for malicious prosecution, however, until the charges are disposed of in his favor. Plaintiff alleges he was found not guilty as to five counts of the Indictment in November 1995. To the extent Plaintiff alleges malicious prosecution concerning the not guilty verdicts, such claims would also be untimely as such occurred nearly 29 years

11

S.Ct. at 1091("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - - when, for example, he is bound over by a magistrate or arraigned on charges . . . Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process.")(internal citations omitted). Id. at 1097; see also Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), cert. denied, 504 U.S. 965, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992)(Listing federal cases adopting this common law rule); Albright v. Oliver, 510 U.S. 266, 280, 114 S.Ct. 807, 816, 127 L.Ed.2d 114 (1994)(J. Ginsburg, concurring)(Stating that the limitation period for a malicious prosecution claim should begin to run upon dismissal of the criminal charges, not at the start of the state procedures.).

Plaintiff alleges that he was falsely arrested in March 1994. Generally, an individual's arraignment date is the date they are detained pursuant to legal process. The record before the Court, however, does not indicate the date of Plaintiff's arraignment. The undersigned, however, takes judicial notice that Plaintiff was convicted by a jury in the Circuit Court of Wood County on November 1, 1995, and sentenced by the Court on December 12, 1995. Even liberally construing the record and assuming Plaintiff was not detained pursuant to legal process until his sentencing date on December 12, 1995, this claim would be untimely. Applying the West Virginia one-year statute of limitation together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for false arrest expired at the latest on December 12, 1996. Plaintiff initiated the above action on March 25, 2024, approximately 28 years after the limitations period

---

ago.

expired. Accordingly, Plaintiff's false arrest claims against Defendant Reed should be dismissed because the one-year statute of limitations has run.

**3.      Judicial Immunity:**

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 80 U.S. 335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed. App'x 372, 372 (4th Cir. 2006) (quoting Mireles v. Waco, 502 U.S. 9, 12-13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Based upon the allegations contained in the Second Amended Complaint and Additional Documentation in Support, the undersigned finds that Judge Hill is absolutely immune from suit. Plaintiff appears to contend that if Judge Hill would have been focused on the criminal trial instead of watching "porno" on his laptop, Judge Hill would have dismissed all charges against Plaintiff. (Document Nos. 12 – 17, 19.) As stated above, judges have absolute immunity for their judicial acts even when the judge is accused of acting maliciously and corruptly. The undersigned, therefore, respectfully recommends

that Plaintiff's claim against Judge Hill be dismissed.

4.      **Prosecutorial Immunity:**

In his Second Amended Complaint and Additional Documentation in Support, Plaintiff appears to allege that Assistant Prosecutor Durig violated his constitutional rights by initiating criminal proceedings against Plaintiff. (Document Nos. 12 – 17, 19.) In support, Plaintiff argues that Assistant Prosecutor Durig should not have "ignored" recantations by the victim. Plaintiff further appears to assert that Assistant Prosecutor Durig acted inappropriate by offering Plaintiff a plea deal because Plaintiff was "innocent." Prosecutors, however, have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associated with the judicial phase of the criminal process. Van de Kamp v. Goldstein, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009). In determining whether a prosecutor is entitled to absolute immunity, the Court must apply the "functional approach" examining the nature of the function performed. Id., 555 U.S. at 342, 129 S.Ct. at 861. It is well established that prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991) (quoting Imbler, 424 U.S. at 430 - 431, 96 S.Ct. at 995). Further, absolute immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993)(quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996)). A prosecutor acts as an advocate or "officer of the court" when performing tasks, such as (1) initiating a judicial proceeding, (2) presenting evidence in support of a search warrant application, (3) conducting a criminal trial, bond hearing, grand jury proceeding or pre-trial hearing, (4) engaging in "an out-of-court effort to

control the presentation of [a] witness' testimony," and (5) making a "professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before the grand jury after a decision to seek an indictment has been made." Buckley, 509 U.S. at 272, 113 S.Ct. at 2615(quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996); Van de Kamp, 555 U.S. at 434, 129 S.Ct. at 861; Dababnah v. Keller-Burnside, 208 F.3d 467, 471 - 472 (4th Cir. 2000)(stating that "numerous courts have found prosecutors absolutely immune when undertaking [extradition proceedings].")

       Furthermore, a prosecutor is entitled to absolute immunity even if he or she "acted with an improper state of mind or improper motive." Shmueli v. City of New York, 424 F.3d 231, 237 (2nd Cir. 2005); also see Smith v. McCarthy, 349 Fed.Appx. 851, 859 (4th Cir. 2009), cert. denied, 562 U.S. 829, 131 S.Ct. 81, 178 L.Ed.2d 26 (2010); Brown v. Daniel, 230 F.3d 1351 (4th Cir. 2000)("[T]o the extent [plaintiff] alleges that the prosecutors engaged in misconduct during the prosecution of this case . . ., the prosecutors are absolutely immune."). Thus, prosecutors are entitled to absolute immunity for withholding materially exculpatory evidence, and knowingly presenting perjured testimony or false or misleading evidence to the Court or grand jury. Burns, 500 U.S. at 490-92, 111 S.Ct., at 1941-42("A state prosecuting attorney is absolutely immune from liability for damages under § 1983 for participating in a probable-cause hearing . . .."); Imbler, 424 U.S. at 422, 96 S.Ct. 984 at 991(citing Yaselli v. Goff, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927))(finding prosecutor entitled to absolute immunity for allegations that he "maliciously and without probable cause procured plaintiff's grand jury indictment by the willful introduction of false and misleading evidence."); also see Brown v. Daniel, 230 F.3d at 1352; Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996); Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994), cert. denied, 513 U.S. 1150, 115 S.Ct. 1101, 130 L.Ed2d 1068 (1995). Although prosecutors may be entitled to

15

absolute immunity, prosecutors are subject to criminal and professional sanctions for prosecutorial abuses. Imbler, 424 U.S. at 429, 96 S.Ct. at 994; Malley v. Briggs, 475 U.S. 335, 343, n. 5, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). It is well recognized that "[a]bsolute prosecutorial immunity 'is not grounded in any special esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'" Dababnah, 208 F.3d at 471(quoting Kalina v. Fletcher, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997)). The Imbler Court determined the importance of protecting the integrity of the prosecutor's office and the judicial system outweighs the desire to afford civil redress to a wronged defendant. Imber, 424 U.S. at 427 - 429, 96 S.Ct. at 993 - 994.

A prosecutor, however, is not entitled to absolute immunity for "investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley, 509 U.S. at 273, 113 S.Ct. at 2615(citing Burns, 500 U.S. at 491, 11 S.Ct. at 1941-42). Thus, a prosecutor is only entitled to qualified immunity for administrative actions or investigative functions not related to trial preparation, such as holding a press conference, engaging in investigative activity prior to the establishment of probable cause to arrest, providing police officers with legal advice during the investigative phase, or acting as a complaining witness in support of a warrant application. Id.; also see Van de Kamp, 555 U.S. at 342 - 343, 129 S.Ct. at 861. The Supreme Court has explained as follows:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other. Thus, if a prosecutor plans and executes a raid on a suspected weapons cache, he "has no greater claim to complete immunity than activities of police officers allegedly acting under his direction."

16

Buckley, 509 U.S. at 273, 113 S.Ct. at 2616(internal citations omitted). Thus, a prosecutor does not have absolute immunity for a claim that he or she fabricated evidence during the preliminary investigation of an unsolved crime. Id., 509 U.S. at 275, 113 S.Ct. at 2616 - 2617.

Liberally construing Plaintiff's Second Amended Complaint and Additional Documentation, Plaintiff appears to argue that Assistant Prosecutor Durig improperly initiated and pursued criminal charges against Plaintiff. As stated above, prosecutors are entitled to absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." See Imbler, 424 U.S. at 430, 96 S.Ct. at 995. It is well established that prosecutors are absolute immune for initiating and pursing a prosecution. See Id. Thus, Assistant Prosecutor Durig is entitled to absolute immunity for initiating and pursuing criminal proceedings against Plaintiff. The undersigned, therefore, recommends that Plaintiff's claim be dismissed as Assistant Prosecutor Durig is entitled to absolute immunity from suit under Section 1983.

**5.  Improper Parties:**

In his Second Amended Complaint and Additional Documentation in Support, Plaintiff appears to allege that DHHR Case Worker Payne, School Psychologist Childers, and School Aide RadaBaugh violated his constitutional rights by providing testimony against Plaintiff. (Document Nos. 12 – 17, 19.) Plaintiff merely indicates that the foregoing Defendants interviewed the alleged victim and were potential witnesses. As stated above, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Even assuming Defendants Payne, Childers, and RadaBaugh were witnesses and state actors, they would be entitled absolute immunity. Witnesses who testify in Court, including police officers, are absolutely immune from any claims relating to

their testimony. Briscoe v. LaHue, 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)(witnesses in judicial proceedings receive "absolute immunity from damages liability under § 1983 based on their testimony"). Based on the foregoing, the undersigned finds that Plaintiff has failed to state a viable Section 1983 claim against the Defendants Payne, Childers, and RadaBaugh.

**6.    Heck:**

Plaintiff appears to seek monetary damages based upon his conclusory allegation of a violation of his constitutional rights resulting in his wrongful conviction. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying the invalidity of his conviction and sentence. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff does not indicate that he has been successful in a direct appeal or in *habeas* proceedings. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1), **DISMISS** Plaintiff's Second Amended Complaint and Supplements (Document Nos. 12 – 17, 19) and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: July 24, 2024.



Omar J. Aboulhosn
United States Magistrate Judge